IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CALIXTO ROSBELI FUENTES, an individual, and CARLOS JIMENEZ PEREZ, an individual | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:22-cv-3640 |
| v. | ) ) | |
| SHORTY O'TOOLE'S PUB, INC., an Illinois corporation d/b/a RENALDI'S PIZZA and GEORGEANN BRUSCIANELLI, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

The Plaintiffs, Calixto Rosbeli Fuentes and Carlos Jimenez Perez, by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Shorty O'Toole's Pub, Inc., an Illinois corporation d/b/a Renaldi's Pizza and Georgeann Bruscianelli (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010, *et seq.*, of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiffs overtime compensation for hours worked over forty (40) in a workweek while imposing an unlawful salary scheme on Plaintiffs and other non-exempt employees. Plaintiffs are former dishwashers, pizza makers and cooks at Defendants' Renaldi's Pizza restaurant.

**JURISDICTION AND VENUE**

1

2.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

4.      Plaintiff Calixto Rosbeli Fuentes ("Fuentes") is a former employee of the Defendants' Renaldi's Pizza restaurant located at 2827 N. Broadway in Chicago, Illinois. Plaintiff Fuentes worked as a dishwasher, pizza maker and cashier at Defendants' restaurant from August, 2019 through June 3, 2022.

5.      Plaintiff Carlos Jimenez Perez ("Jimenez") is also a former employee of the Defendants' Renaldi's Pizza restaurant. Plaintiff Jimenez worked as a dishwasher and cook at Defendants' restaurant from December, 2019 through June 3, 2022.

6.      During the course of their employment, Plaintiffs regularly used and handled goods and materials, including perishable food and food products, cleaning products, and tools, which moved in interstate commerce prior to being used or purchased in Illinois.

7.      Plaintiffs reside in and are domiciled in this judicial district.

8.      Defendant Shorty O'Toole's Pub, Inc. does business as Renaldi's Pizza on North Broadway in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

9.      On information and belief, Defendant Shorty O'Toole's Pub, Inc. has earned more than $500,000.00 in annual gross revenue during 2019, 2020, 2021 and 2022..

10.     Defendant Shorty O'Toole's Pub, Inc. is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

11.     Defendant Georgeann Bruscianelli ("Bruscianelli") is an owner of Renaldi's Pizza and also serves as the president of the restaurant's operating entity, Shorty O'Toole's Pub, Inc.

12.      At all times relevant to this action, Defendant Bruscianelli possessed extensive oversight over the Renaldi's Pizza restaurant and its business operations. Defendant Bruscianelli was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; she possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13.     Defendant Bruscianelli resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

14.     During the period from May, 2020 through June 3, 2022, Plaintiff Fuentes regularly worked at Defendants' Renaldi's Pizza restaurant six (6) days a week including Tuesday from 10:30 a.m. to Midnight; Wednesday, Thursday and Sunday from 10:30 a.m. to at least 7:00 p.m.; and, Friday and Saturday from 10:30 a.m. to at least 10:00 p.m. Plaintiff Fuentes typically did not work on Monday.

15.     Based on his schedule, Plaintiff Fuentes regularly worked at least sixty-two (62) hours in individual workweeks from May, 2020 through June 3, 2022.

16.     During the period from May, 2020 through June 3, 2022, Defendants paid Plaintiff Fuentes on a salary basis that ranged from approximately $1,000.00 to $1,076.00 per week without regard to the number of hours Plaintiff Fuentes worked each week, and Defendants also paid a portion of Plaintiff Fuentes' wages with unreported cash.

17.     During the period from December, 2019 through June 3, 2022, Plaintiff Jimenez regularly worked at Defendants' Renaldi's Pizza restaurant six (6) days a week including Monday or Tuesday, Wednesday, Thursday and Sunday from 4:00 p.m. to at least Midnight; and, Friday and Saturday from 4:00 p.m. to at least 2:30 a.m. However, Plaintiff Jimenez frequently worked a full seven (7) day workweek.

18.     Based on his schedule, Plaintiff Jimenez regularly worked at least fifty-three (53) hours, and frequently more than sixty (60) hours, in individual workweeks from December, 2019 through June 3, 2022.

19.     During the period from December, 2019 through December, 2021, Defendants paid Plaintiff Jimenez on an hourly basis, initially at the rate of $11.00 per hour and increasing to $16.50 per hour, with unreported cash. Thereafter, from approximately January, 2022 through June 3, 2022, Defendants paid Plaintiff Jimenez on a salary basis in the amount of $1,000.00 per week with unreported cash.

20.     Defendants did not compensate Plaintiffs at one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in individual workweeks.

21.     Defendants never paid Plaintiffs an overtime premium when they worked more than 40 hours in a workweek.

22.     Defendants paid Plaintiffs' overtime compensable hours at their straight-time rate of pay.

23.     In order to conceal their failure to pay overtime compensation, Defendants paid certain wages with unreported cash while imposing an unlawful salary wage scheme on Plaintiffs without regard to the actual number of hours Plaintiffs worked in individual workweeks.

24.     In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs.

## COUNT I
### Violation of the Fair Labor Standard Act- Overtime Wages

25.     Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

26.     Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

27.     Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

28.     Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

29.     Defendant Shorty O'Toole's Pub, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

30.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in a workweek.

31.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs were scheduled to work and regularly did work more than forty (40) hours in a workweek. In a further attempt to conceal their overtime

violations, Defendants paid certain wages including Plaintiffs' overtime compensable hours

"under the table" in cash, and imposed an unlawful salary scheme whereby Defendants' paid

Plaintiff's a fixed weekly wage without regard to the actual number of hours Plaintiffs worked.

Defendants also prohibited Plaintiffs from recording their actual hours worked on Defendants'

time-keeping system. Further, on information and belief, Defendants' cash wage payments to

Plaintiffs were not reported to federal and state tax and revenue agencies. Additionally,

Defendants failed to record the number of hours worked by Plaintiffs, and otherwise violated the

Act's record keeping regulations.

   **WHEREFORE**, the Plaintiffs, Calixto Rosbeli Fuentes and Carlos Jimenez Perez, pray

for a judgment against Defendants, Shorty O'Toole's Pub, Inc. d/b/a Renaldi's Pizza and

Georgeann Bruscianelli, as follows:

   A.    Judgment in the amount of unpaid overtime compensation found due at the rate of
         one and one-half times Plaintiffs' regular hourly rate of pay for all hours which
         Plaintiffs worked in excess of forty (40) hours per week;

   B.    Liquidated damages in an amount equal to the amount of unpaid overtime
         compensation found due;

   C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action;
         and

   D.    Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

   33.    Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

   34.    Throughout their employment with Defendants, Plaintiffs were each an

"employee" under the IMWL, 820 ILCS § 105/3(d).

   35.    Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820

ILCS § 105/1 *et seq*.

6

36.     Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

37.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

38.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Calixto Rosbeli Fuentes and Carlos Jimenez Perez, pray for a judgment against Defendants, Shorty O'Toole's Pub, Inc. d/b/a Renaldi's Pizza and Georgeann Bruscianelli, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.     Statutory damages in the amount of three times the amount of unpaid overtime;

C.     Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E.     Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Overtime Wages

39.     Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

40.     Plaintiffs were each an "employee" under the CMWO § 6-105-010 of the

Municipal Code of Chicago and were not exempt from the overtime wage provisions of the

CMWO.

41.     Defendants were each an "employer" as defined in the CMWO § 6-105-010.

42.     Under § 6-105-040, for all weeks during which Plaintiffs worked more than forty

(40) hours, they were entitled to be compensated at a rate of one and one-half times their regular

hourly rate of pay.

43.     Defendants' failure and refusal to pay overtime wages for hours worked in excess

of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiffs, Calixto Rosbeli Fuentes and Carlos Jimenez Perez, pray

for a judgment against Defendants, Shorty O'Toole's Pub, Inc. d/b/a Renaldi's Pizza and

Georgeann Bruscianelli, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of
one and one-half times Plaintiffs' regular hourly rate of pay for all hours which
Plaintiffs worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of three times the amount of unpaid
overtime;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action;
and

D.     Such other and further relief as this Court deems appropriate and just.

Dated: July 13, 2022                              Respectfully submitted,

                                                  Calixto Rosbeli Fuentes and
                                                  Carlos Jiménez Perez,
                                                  Plaintiffs

/s/ Timothy M. Nolan

_____

Attorney for the Plaintiffs


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com

9